PD-0405-15

PD-0405-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/30/2015 12:43:37 PM
Accepted 7/1/2015 2:27:38 PM
ABEL ACOSTA
CLERK

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

| | | |
|---|---|---|
| **JAMES SMITH** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **VS** | § | **PD-0405-15** |
| | § | |
| **THE STATE OF TEXAS** | § | |
| | § | |
| **Appellee** | § | |

### MOTION TO EXTEND TIME TO FILE PETITION FOR DISCRETIONARY REVIEW, TO SET ASIDE MANDATE ISSUED BY COURT OF APPEALS, AND REINSTATE PETITIONER'S APPEAL

### FROM THE COURT OF APPEALS
### ELEVENTH DISTRICT OF TEXAS
### NO. 11-12-00095-CR

**TO THE HONORABLE JUDGES OF SAID COURT:**

Now comes James Smith, appellant in the above styled and numbered cause, and moves for an extension of time to file a Petition for Discretionary Review, to Set Aside Mandate Issued by Court of Appeals, and Reinstate Petitioner's Appeal and for good cause shows the following:

1. The deadline for filing a Petition for Discretionary Review was May 13, 2015.

2. The length of the extension sought is to today's date. The Corrected Petition for Discretionary Review is filed simultaneous to the filing of the motion.

3. One previous extension was requested and granted by the Court of Criminal Appeals.

4. On May 13, 2015, Counsel for Petitioner filed with this Court his Petition for Discretionary Review. Normally this task is done by a legal assistant familiar with the e-filing system; however it was submitted by Counsel personally.

5. On May 13, 2015, the e-filing system generated a filing submitted notice.

6. On May 15, 2015, the e-filing system generated a filing returned notice. This notice stated in part "The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review." Counsel was unaware that a rejection could issue in the method that it did. Counsel's belief was that any notices regarding the appeal process would come direct from the Court's email and not through the e-filing system.

7. This notice was never actually seen by Counsel until June 30, 2015.

8. On June 29, 2015, after business hours, Counsel received a notice from the 11th Court of Appeals that the mandate had issued.

9. On June 30, 2015, Counsel and staff began to investigate why the mandate issued. Counsel went back through e-mails and saw the notices referenced above which had not been opened. Counsel's staff went onto the online e-filing system and saw that the rejection had been issued. This is the first time either Counsel or his staff knew of the petition having been rejected.

10. Counsel has fully prepared the petition for discretionary review and has made the corrections outlined by the Court and is submitting the petition along with this motion.

11. To enforce the mandate against Petitioner would be an injustice to Petitioner and would possibly be a ground for alleging ineffective assistance of counsel for Petitioner if the mandate is allowed to stand.

12. The State is not prejudiced by the granting of the extension and the setting aside of the mandate.

**WHEREFORE, PREMISES CONSIDERED**, petitioner respectfully requests an extension of the filing of the Petition for Discretionary Review, to set aside the mandate, and to reinstate Petitioner's appeal.

Respectfully submitted,


Parker & Blizzard, P.L.L.C.
702-C Hickory
Abilene, TX 79601
Tel: (325) 676-1000
Fax: (325) 455-8842



By: */s/ Jacob Blizzard*
      Jacob Blizzard
      State Bar No. 24068558
      Attorney for James Smith


## CERTIFICATE OF SERVICE

This is to certify that on June 30, 2015, a true and correct copy of the above and foregoing document was served on the Taylor County District Attorney's Office, Taylor County, Texas, by facsimile transmission to 325-674-1306.


*/s/ Jacob Blizzard*
Jacob Blizzard